UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GILLAM                                              CIVIL ACTION

VERSUS                                                         NO. 17-12480

ALVIN ROBINSON ET AL.                                    SECTION "R" (5)

# ORDER

Plaintiff Michael Gillam filed this *pro se* complaint, seeking damages and equitable relief, pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that officers at Nelson Coleman Correctional Center (NCCC) illegally searched and destroyed his incoming legal mail related to a separate proceeding in the U.S. District Court for the Western District of Louisiana.[2] On November 28, 2017, the Magistrate Judge recommended dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[3] Plaintiff has since filed two notices of change of address indicating that he is no longer imprisoned at NCCC.[4]

Having reviewed *de novo* the complaint, the record, the Magistrate Judge's Report and Recommendation, plaintiff's objections,[5] and

---

[1]   R. Doc. 1.
[2]   *Id.* at 5.
[3]   R. Doc. 5.
[4]   R. Docs. 14, 16.
[5]   R. Doc. 7.

1

defendants' motion to dismiss,[6] the Court approves the Magistrate Judge's Report and Recommendation with the following proviso. Because plaintiff is no longer imprisoned at NCCC, plaintiff's request for equitable relief is now moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Any possibility of plaintiff's return to NCCC is too speculative to overcome mootness. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Thus, the Court dismisses plaintiff's equitable claims for lack of subject matter jurisdiction. The Court otherwise adopts the Magistrate Judge's Report and Recommendation.

In his objections, plaintiff clarifies that the documents allegedly destroyed by NCCC officers were related to summary judgment motions filed in the Western District of Louisiana case.[7] But plaintiff still fails to explain how this alleged interference prejudiced "his position as a litigant" in that proceeding. *Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). As the Magistrate Judge noted, plaintiff was able to file motions, respond to motions, and object to reports and recommendations in that proceeding while he was imprisoned at NCCC. *See Gillam v. Wise*, No. 14-2631 (W.D. La. Sept. 2, 2014).

---

[6] R. Doc. 12.
[7] R. Doc. 7 at 1.

Accordingly, defendant's motion to dismiss is GRANTED. Plaintiff's damages claim is DISMISSED WITH PREJUDICE, and plaintiff's claims for equitable relief are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __20th__ day of February, 2018.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE